### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL WASSEL, JR.                  :        No. 3:22cv145
                **Plaintiff**     :
                                :        **(Judge Munley)**
      **v.**                       :
                                  :        **(Magistrate Judge Carlson)**
PIKE COUNTY, et al,               :
              **Defendants**    :

### MEMORANDUM

Plaintiff Paul Wassel is presently incarcerated at State Correctional

Institution – Mahanoy ("SCI–Mahanoy") in Frackville, Pennsylvania and proceeds

in this matter *pro se*.  This action concerns events in 2022 when plaintiff was

incarcerated at Pike County Correctional Facility ("PCCF"). (Doc. 1).

Wassel has filed objections to a Report and Recommendation ("R&R")

issued by Magistrate Judge Martin C. Carlson. (Doc. 43).  The R&R recommends

that Wassel's *pro se* amended complaint be dismissed without prejudice, so that

the plaintiff may file a second amended complaint relating only to a condition-of-

confinement claim for an alleged three-day deprivation of food. (Doc. 40 at 28).

The R&R is thus ripe for disposition.

### Background

Wassel initiated this action pursuant to 42 U.S.C. § 1983 ("Section 1983")

on January 28, 2022. (Doc. 1).  Wassel's complaint was dismissed, but the court

granted him leave to amend only pertaining to his conditions of confinement claims based upon PCCF's handling of the COVID-19 pandemic and confinement to his cell for extended periods during that time. (Doc. 11 at 41).

Wassel's amended complaint alleges significantly different claims from the original complaint, naming several new defendants. (Doc. 19 at 1). The court previously terminated defendants named in the original complaint who were not mentioned in the amended complaint. (Doc. 21 at 5). The court also struck two claims from the amended complaint which did not comply with the order providing him with narrow grounds for amendment. Id. at 3–4.

Wassel alleges in his amended complaint that, on or about February 19, 2022, Correctional Officer ("CO") D. Smith conducted a targeted search of his cell at a time Wassel was at recreation, seizing his legal paperwork and five electronic storage devices ("ESDs").[1] (Doc. 19 at 2). He claims this led to the coerced alteration/deletion of defense-related materials, which were held for three weeks and returned just days before his trial, allegedly after being reviewed by jail staff and the warden. Id. at 3–4. Wassel asserts that this warrantless, prolonged seizure violated his rights to due process and access to the courts. Id.

---

[1] These brief background facts are derived from plaintiff's amended complaint. At this stage of the proceedings, the court must accept all factual allegations in the complaint as true. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

Additionally, he claims unconstitutional conditions of confinement during the COVID-19 pandemic, alleging negligent virus containment practices and infection on two occasions. Id. at 8. He further contends that, after refusing to return to a cell with a mentally ill inmate, CO Campo directed CO Price to retaliate against him. Id. at 9. CO Price allegedly withheld food, recreation, and showers for three days, which Wassel claims constituted cruel and unusual punishment and unlawful retaliation. Id. at 9.

Thereafter, the defendants filed a motion to dismiss the amended complaint. (Doc. 28). On March 14, 2025, Magistrate Judge Carlson issued a recommendation that defendants' motion to dismiss be granted without prejudice to allow Wassel one more chance to file a concise, specific second amended complaint pertaining only to an alleged three-day deprivation of food. (Doc. 40).

The R&R, in turn, reaches four principal conclusions. Regarding defendants' lack of personal involvement arguments, the R&R concludes that the record does not support claims against defendants Warden Lowe, Assistant Warden Romance, and Lieutenant Schwire. Id. at 12–13. Magistrate Judge Carlson concludes, as a matter of law, that Wassel's supervisory liability claims against these defendants cannot succeed. Id.

Second, regarding allegations of the targeted cell search and confiscated legal materials, the R&R concludes that the Fourth Amendment protection

3

against illegal search and seizures does not extend to the context of prison cell searches, including the cells of pretrial detainees, Id. at 15, that Wassel's Fourteenth Amendment rights were not violated because defense-related materials were returned to the plaintiff, Id. at 17–18, and that the plaintiff's First Amendment protections were not violated because the plaintiff has not claimed an actual injury with reasonable specificity. Id. at 18. Thus, Magistrate Judge Carlson concluded that Wassel's claims related to the search of his cell and confiscation of his legal materials both fail to state a claim. Id. at 19.

Third, the R&R asserts that, regarding Wassel's COVID-19 mitigation procedures and Eighth Amendment claim,[2] his bare allegations fail because Wassel made no claims that PCCF materially deviated from institutional COVID-19 mitigation policies. Id. at 20–21 n. 7. Magistrate Judge Carlson concludes that this claim fails as a matter of law.

Finally, the R&R concludes that as currently pleaded, Wassel's claims of deliberate indifference and retaliation for his treatment during COVID lockdown

---

[2] Wassel was a pretrial detainee during the height of the COVID-19 pandemic. Although the Eighth Amendment generally applies after conviction, pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause, which offers safeguards equal or greater than those for convicted individuals. The R&R explained its reference to the Eighth Amendment and not the Fourteenth Amendment. (Doc. 40 at 20—21 n. 7 (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983)). The court will likewise adopt this shorthand, analyzing Wassel's claims of deliberate indifference using the Eighth Amendment standard, as extended through the Fifth and Fourteenth Amendments. Id.

do not rise to a constitutional violation due to of a lack of specificity in the amended complaint. Id. at 22, 28. The R&R recommends dismissal because, even accepting all alleged facts as true, Wassel failed to plead sufficient facts to state a plausible claim for relief or to raise his right to relief above a speculative level.

Following the issuance of the R&R, Wassel timely filed objections, which focus solely on: 1) the seizure of his legal materials within his cell, and 2) clarifying that his claim against CO Smith concerns the alteration of date information in the computer system to conceal facts, not the contents of the ESDs themselves. (Doc. 43 at 4). Wassel's objections to the R&R bring this case to its present posture.

**Jurisdiction**

As the case is brought pursuant to Section 1983, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standards of Review**

**1. Objections to R&R**

Wassel's objections concern an R&R recommending that defendants' motion to dismiss be granted with allowance of one final chance to file a second

5

amended complaint related exclusively to the alleged food deprivation. In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

If a plaintiff has not objected to certain portions of the R&R, then in deciding whether to adopt those portions, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at 1085.

## 2. Motions to Dismiss

A motion to dismiss challenges whether a complaint states a legally valid claim. Rule 12(b)(6) provides that it is proper for the court to dismiss a complaint, in whole or in part, if the complaint fails to state a claim upon which

relief can be granted. FED. R. CIV. P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all the facts alleged in the complaint as true, the non-moving party has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the non-moving party's cause of action. Id. Furthermore, to satisfy federal pleading requirements, the non-moving party must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips, 515 F.3d at 231 (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544 at 555).

**Analysis**

On May 16, 2025, the Clerk of the court docketed Wassel's objection dated May 11, 2025. (Doc. 43). With regard to his objections, it appears that Wassel has seemingly abandoned all other claims beyond ones for illegal search and seizure stating: "Plaintiff surrenders to the fact that it would be fruitless to

7

continue this 'action'." Id. at 2 ¶ 8. The court recognizes Wassel's difficulties in procuring time, energy, and monetary means to maintain this suit, as mentioned in his objections. Id. at 1. But Wassel received one request for extension of time and could have asserted these reasons contained within his objections to seek a further extension. He did not do so.

Wassel did not specifically object to Magistrate Judge Carlson's assessment that the amended complaint lacked support regarding claims against Warden Lowe, Assistant Warden Romance, and Lieutenant Schwire. (Doc. 40 at 12–13). The magistrate judge considered well-established law regarding supervisory liability in reaching his recommendation. Id. Seeing no plain error or manifest injustice in that analysis, the court will adopt that portion of the recommendation.

Wassel has also not objected to Magistrate Judge Carlson's assessments that his COVID-19 claims and Eighth Amendment allegations fail to state a claim upon which relief can be granted. Id. at 19. The R&R concludes from the allegations advanced by Wassel that PCCF did not materially deviate from institutional COVID-19 mitigation policies. Id. at 20–22. Again, the magistrate judge based his recommendation on well-established legal principles, concerning the importance of information pled and the specificity in pleading Eighth Amendment claims in this context.

8

As for Wassel's claims for deliberate indifference and retaliation for his treatment during a COVID-related lockdown against CO Campos and CO Price, the R&R also concludes that the plaintiff's allegations lack reasonable specificity to rise to the level of an Eighth Amendment violation. Id. at 22–24. Seeing no plain error or manifest injustice in that analysis, the court will adopt those portions of the R&R.

That leaves the court with Wassel's objections regarding the search of Wassel's cell and the seizure of his legal materials. In his objections, Wassel repeats the allegations from his amended complaint that the search of his cell and confiscation of his legal materials constituted an illegal search and seizure under the Fourth Amendment and unconstitutionally deprived him of due process. (Doc. 43 at 4).

The court finds Wassel's objections to be nonresponsive to the R&R and general in nature, only reiterating portions of the plaintiff's narrative from his amended complaint. Providing a complete *de novo* determination where only general objections to an R&R are offered "would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). The court will thus address the portions of the R&R referenced in Wassel's recent filing very briefly.

As for Wassel's Fourth Amendment claim, the Fourth Amendment protects "[t]he right of the people to be secured in their persons … against unreasonable searches and seizure." U.S. CONST. AMEND. IV.  The Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.  Hudson v. Palmer, 468 U.S. 517, 526 (1984).  As for pre-trial detainees like Wassel, the Supreme Court has held that a search of a pre-trial detainee's cell by prison officials does not breach the Fourth Amendment or violate due process, and pre-trial detainees do not have a constitutional right to be present during such searches.  Block v. Rutherford, 468 U.S. 576 (1984)(discussing Bell v. Wolfish, 441 U.S. 520, 555–57, 560–61 (1979)). Magistrate Judge Carlson correctly applied the law with respect to the Fourth Amendment. (Doc. 40 at 14–15).

As for Wassel's attempts to distinguish his claims from the ones construed by the magistrate judge in the R&R, the court recognizes that Wassel is not arguing about the search of his prison cell itself but rather the confiscation and reading of his legal materials.  Magistrate Judge Carlson also recognized that nuance.  He addressed these issues in an extensive footnote. Id. at 15–16 & n.6. (discussing United States v. Cohen, 796 F.2d 20 (2d Cir. 1986) and non-precedential decisions recognizing a Fourth Amendment claim for searches of pre-trial detainees instigated by non-prison officials for non-institutional security

reasons).  To the extent that Wassel's claim for the reading of his legal material is recognized, he has failed to allege with reasonable specificity that his legal paperwork was reviewed by non-prison personnel, or that the search was initiated by the prosecution.

As to the portion of Wassel's objections referencing violation of his due process rights by the seizure of his legal materials, the magistrate judge again utilized well-established law to reach his conclusions.  According to his amended complaint, Wassel filed a motion for the return of these materials in the Pike County Court of Common Pleas case with the assistance of counsel. (Doc. 19 at 4, 12).  Although the motion was denied, Wassel indicates that his legal materials were returned the day after the hearing and several days prior to trial. (Id. at 3, 5).  There is no due process violation if a meaningful post-deprivation remedy for the loss is available.  Tindell v. Beard, 351 F. App'x 591, 594 (3d Cir. 2009) (citing Hudson, 468 U.S. at 526; Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000)).  Wassel advances that his post-deprivation remedy was actually successful.  His amended complaint thus fails to state a claim.[3]

---

[3] Wassel also raised a First Amendment access to courts claim in his brief opposing the motion to dismiss. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  Commonwealth ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted).  On the other hand, "in civil rights cases[,] district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for

11

Lastly, Wassel now claims to have proof "that CO Smith altered date information in the prison computer system to hide facts." (Doc. 43 at 4). To the extent that these issues are relevant, they ostensibly tie back to the claims addressed above, which are subject to dismissal. Thus, Wassel's objections will be overruled.

Magistrate Judge Carlson has recommended that the amended complaint be dismissed without prejudice, to allow Wassel one final opportunity to file a concise, specific second amended complaint relating only to the alleged deprivation of food for three consecutive days. (Doc. 40, R&R at 24–28). The court will adopt that recommendation with a caveat. Wassel will be provided with thirty (30) days to file a concise, specific second amended complaint addressing only this alleged deprivation. If Wassel fails to file an amended pleading within this period, the court will dismiss this action and direct the Clerk of Court to close this case.

---

failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

As for any potential First Amendment access to courts claim, Magistrate Judge Carlson appropriately addressed that issue. (Doc. 40 at 18) (discussing Monroe v. Beard, 536 F.3d 198 (3d Cir. 2008)). Similarly, Wassel now contends in his objections that, following the return of his other legal documents, he was missing "critical Cellebrite report creation sheets[.]" (Doc. 43 at 4). Wassel does not allege that he lost some aspect of his criminal defense during the time he was without his legal materials. Wassel also does not indicate how these Cellebrite sheets were critical to his defense. The court thus concludes that amendment to permit these claims would be futile.

## Conclusion

For the reasons set forth above, the plaintiff's objections to the R&R will be overruled.  The R&R will be adopted in full.  Defendants' motion to dismiss will be granted.  Plaintiff's amended complaint will be dismissed.  Plaintiff will be provided with leave to file a second amended complaint as outlined in the R&R and in this memorandum.  An appropriate order follows.


Date: 6/18/25

JUDGE JULIA K. MUNLEY
United States District Court

13