IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL WASSEL, JR.  :  No. 3:22cv145
    Plaintiff  :
    :  (Judge Munley)
v.  :
    :  (Magistrate Judge Carlson)
PIKE COUNTY, et al.,  :
    Defendants  :

## MEMORANDUM ORDER

On June 18, 2025, the court adopted a report and recommendation ("R&R") from Magistrate Judge Martin C. Carlson, which recommended dismissing Plaintiff Paul Wassel's *pro se* civil rights action.[1] The R&R recommended that Wassel's *pro se* amended complaint be dismissed without prejudice, so that he could file a second amended complaint relating only to a conditions of confinement claim for an alleged three-day deprivation of food. (Doc. 40 at 28). The court adopted that recommendation with a caveat. (Doc. 45). The court afforded Wassel thirty (30) days to file a concise, specific second amended complaint addressing only this alleged deprivation. (Id.) The court further

---

[1] Plaintiff Paul Wassel is presently incarcerated at State Correctional Institution – Mahanoy ("SCI–Mahanoy") in Frackville, Pennsylvania and proceeds in this matter pro se. This action concerns events in 2022 when plaintiff was incarcerated at Pike County Correctional Facility ("PCCF"). (Doc. 1). Wassel initiated this action pursuant to 42 U.S.C. § 1983 ("Section 1983") on January 28, 2022. (Id.) Wassel's original complaint was dismissed, but the court granted him leave to amend only regarding his conditions of confinement claim. (Doc. 16).

advised Wassel that failure to file a second amended pleading within the required period would result in dismissal of the action.

On July 8, 2025, plaintiff requested an extension of time to file a second amended complaint. (Doc. 46). The court granted Wassel a thirty (30) day extension and cautioned that failure to file a second amended complaint within this period would result in the dismissal of the case. (Doc. 47). To date, Wassel has not filed a second amended complaint nor requested another extension of time.

If a plaintiff fails to prosecute a case or comply with court orders, district court judges are empowered to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) and its own inherent authority to manage the docket for the orderly and expeditious disposition of cases. See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31(1962)). Decisions regarding dismissal of actions on these grounds rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Such discretion is regulated by the required balancing of several factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the

party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

First, courts "should gauge a party's knowledge before dismissing the case[.]" United States v. Brace, 1 F.4th 137, 144 (3d Cir. 2021). Wassel proceeds *pro se* in this case. He is personally responsible for not filing a second amended complaint as ordered. This factor weighs in favor of dismissal.

Regarding the second Poulis factor, there is limited prejudice to defendants since this matter initially failed screening pursuant to 28 U.S.C. § 1915(e)(2), (Doc. 11), and Wassel's amended complaint did not survive defendants' motion to dismiss, (Doc. 45). This factor weighs against dismissal. But "there is no magic formula or mechanical calculation with regard to the Poulis analysis. In fact, no single Poulis factor is dispositive, and... not all of the Poulis factors need be satisfied in order to dismiss a complaint." In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013) (citations, quotation marks, and brackets omitted).

The third Poulis factor considers a history of dilatoriness, and the fourth Poulis factor considers whether plaintiff's conduct was willful or in bad faith. Here, despite being advised that he needed to plead additional facts to state a

3

claim against the defendants within sixty (60) days of the court's order adopting the R&R, Wassel failed to file a second amended complaint by the court-imposed deadline. This action cannot move forward on the allegations provided to date. By disobeying the court's order, Wassel has stopped this case in its tracks. Such conduct reflects dilatoriness and willfulness and supports dismissal of this action.

As for the availability of alternative sanctions, the fifth Poulis factor, plaintiff is *pro se* and proceeds *in forma pauperis*. Fines or other monetary sanctions would not be effective in this case. The only sanction available to the court is dismissal.

Meritoriousness is the sixth and final Poulis consideration, and it is of paramount importance. See Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013). "A claim…will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff[.]" Poulis, 747 F.2d at 869–70. Here, in providing plaintiff with leave to amend, the court believed that plaintiff could potentially state a plausible claim against the defendants. As detailed above, however, rather than attempt to move this case forward for consideration on its merits, plaintiff has taken a different approach. He appears willing to stand on the allegations of his original complaint. Those allegations fall short of stating a meritorious claim as detailed by Magistrate Judge Carlson in the R&R. Because plaintiff has refused to allege facts to

4

demonstrate that his case has merit, dismissal of this action with prejudice is the appropriate sanction.

Accordingly, considering the above factors, it is hereby **ORDERED** that:

1) Plaintiff's amended complaint, (Doc. 19), is **DISMISSED** with prejudice for failure to file a second amended complaint as previously ordered; and

2) The Clerk of Court is directed to close this case.

Date: 8/20/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court